# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 875 | **DATE** | 3/25/2013 |
| **CASE TITLE** | ROBERT P. AVINA vs. CAPSONIC GROUP LLC | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Avina's Motion to Proceed *In Forma Pauperis* [5] is granted but his motion for appointment of counsel [3] is denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

On February 4, 2013, Plaintiff Robert Avina ("Avina") filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons set forth below, Avina's Motion to Proceed *In Forma Pauperis* is granted but his motion for appointment of counsel is denied.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Avina to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Avina need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Avina is not currently employed. The real estate that he owns is worth less than the amount by which it is encumbered. He has $1,900 in a bank account and owns a car worth approximately $1,800. Additionally, Avina has a dependent living with him. Based on these facts, Avina's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Avina's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

Avina's Complaint alleges that Defendant Capsonic Group ("Capsonic"), Avina's former employer, discriminated against him based on his age in violation of the Age Discrimination in Employment Act of 1967

## STATEMENT

("ADEA"), 29 U.S.C. § 621 *et seq.* This statute makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on age. The Complaint alleges that Avina was terminated by Capsonic when he was 59 years old, that he met his legitimate job expectations and that other younger employees retained their jobs despite the fact that their employment performance was lower than Avina's. This is sufficient to state a claim under the ADEA. *See Griffin v. Potter,* 356 F.3d 824, 829 (7th Cir. 2004) (identifying that the elements of a prima facie claim of indirect discrimination under the ADEA are: (1) the plaintiff was over 40 years old; (2) was meeting his legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than younger, similarly situated employees.).

Additionally, Avina appears to have met all of the procedural requirements necessary to file a claim in federal court for a violation of the ADEA. However, one requirement merits additional discussion. Under the ADEA, a plaintiff has 90 days to file his lawsuit in federal court after receiving a right-to-sue letter from the EEOC. *See* 29 U.S.C. § 626(e); *see also Houston v. Sidley & Austin,* 185 F.3d 837, 838-39 (7th Cir. 1999). Here, the right-to-sue letter was mailed to Avina on November 2, 2012. He filed this lawsuit on February 4, 2013, which is 94 days after the right-to-sue letter was mailed. However, this does not defeat Avina's complaint because the Seventh Circuit presumes that an individual receives notice from an administrative agency five days after the mailing date. *See Lloyd v. Sullivan,* 882 F.2d 218 (7th Cir. 1989) (in an appeal from Social Security Administration determination, finding that "unless proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Jackson v. FBI,* No. 02 C 3957, 2007 WL 2492069, at *5 (N.D. Ill. Aug. 28, 2007) (citing *Lloyd's* five day presumption in EEOC context); *Moss-Muchanan v. City of Chicago,* No. 03 C 0999, 2005 WL 78953, at *3 n.2 (N.D. Ill. Jan. 15, 2005) (same). Complicating this analysis is the fact that Avina's right-to-sue letter has a stamp on it indicating that it was received on November 5, 2012. Assuming this was the actual receipt date, Avina filed his complaint 91 days after he received his right-to-sue letter. However, despite the fact Avina's complaint was not filed within 90 days of receipt, the complaint is not defeated because the 90th day fell on a Sunday. Accordingly, pursuant to Fed. R. Civ. P. 6(a)(1)©, the 90 day limitation period ran until the end of the next day, February 4, 2013. Therefore, the Court finds that Avina's Complaint was timely filed and that his motion to proceed *in forma pauperis* is granted.

Also before the Court is Avina's Motion for Appointment of Counsel. Avina does not have an absolute right to court-appointed counsel. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." In determining whether to make such a request, the Court must consider: (1) whether Avina made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, whether Avina appears competent to litigate the case himself. *See Pruitt,* 503 F.3d at 654 (citing *Farmer v. Hass,* 990 F.2d 319, 321-22 (7th Cir. 1993)). Avina's motion does not describe any attempts made by him to obtain counsel. Accordingly, Avina has failed to make the necessary showing for an appointment of counsel at this time and his motion is denied. *See Jackson v. County of McLean,* 953 F.2d 1070, 1073 (7th Cir. 1992) ("If, however, the indigent has made no reasonable attempts to secure counsel...the court should deny any § 1915(d) motions outright.").

Therefore, for the reasons set forth above Avina's motion to proceed *in forma pauperis* is granted but his motion for appointment of counsel is denied without prejudice.