IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT P. AVINA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 13 C 875 |
| CAPSONIC GROUP, LLC, | ) ) | Judge Virginia M. Kendall |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Avina, proceeding *pro se*, filed a complaint for employment discrimination based on age discrimination against Capsonic Group, LLC on February 4, 2013. Avina attached to his complaint a right to sue notice from the U.S. Equal Employment Opportunity Commission ("EEOC") and a charge of discrimination he filed with the Illinois Department of Human Rights ("IDHR"). This Court subsequently appointed counsel to represent Avina, which led to an amended complaint filed on July 17, 2013. The Amended Complaint alleged age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"). Capsonic answered the age discrimination complaint but moves to dismiss Avina's retaliation claim as time-barred and as beyond the scope of Avina's IDHR charge. This Court denies Capsonic's motion.

## BACKGROUND

Unless otherwise indicated, this Court takes the following facts from the Amended Complaint and assumes that they are true for purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

1

Avina started working for Capsonic as a quality technician on June 30, 2003. He filed a charge alleging age discrimination against Capsonic with the IDHR on July 22, 2010. (Dkt. No. 24 ¶ 15.) Avina alleged that Capsonic gave him a disciplinary warning for Avina's failure to communicate effectively with management. (*See id.* at Ex. 1.) After filing this charge, Capsonic gave Avina additional tasks and forced him to work longer hours as compared to other quality technicians at Capsonic. (*Id.* ¶ 16.) On October 29, 2010, Capsonic told Avina that he was being terminated for hiding incoming material inspections and failing to complete them. (*Id.* ¶ 17.)

Avina filed a second charge against Capsonic with the IDHR on April 27, 2011. (*Id.* at Ex. 2.) Avina's second charge alleged that Capsonic terminated Avina because of his age and that Capsonic retaliated against Avina for filing his first charge against Capsonic in July 2010. (*Id.*) To support the age discrimination claim in his second charge, Avina alleged that: (1) he was fifty-nine years old when terminated; (2) Capsonic had terminated many older employees and replaced them with younger employees in the two years preceding Avina's termination; (3) Capsonic issued unfounded disciplinary notices to Avina starting in July 2010; (4) Capsonic gave Avina more work that required longer hours as compared to other quality technicians; and (5) other employees whom Capsonic did not fire were not held to the same standards as Avina. (*Id.*) To support the retaliation claim in his second charge, Avina alleged that: (1) the allegations that supported his age discrimination claim also supported his retaliation claim; (2) he received an unfounded disciplinary warning in August 2010; (3) Capsonic overloaded Avina with work; and (4) Capsonic held Avina to a much "harsher standard" than other employees. (*Id.*) The IDHR dismissed Avina's second charge on June 18, 2012. (*Id.* ¶ 5.) The EEOC adopted the IDHR's findings and issued a right to sue notice on November 2, 2012. (*Id.* ¶ 6 and Ex. 3.)

On February 4, 2013, Avina filed his original complaint *pro se* using the Employment Discrimination Form for the Northern District of Illinois. (Dkt. No. 1.) Avina's original complaint alleged that Capsonic discriminated against Avina because of his age. (*Id*. at 3.) Avina further alleged, by checking box 12(b) on the Employment Discrimination Form, that Capsonic terminated his employment. (*Id.*) Avina did not check box 12(g) on the Employment Discrimination Form, which would have denoted a retaliation allegation against Capsonic. (*See id.*) Avina also attached to his complaint the EEOC right to sue notice and his second charge against Capsonic to the IDHR. (*See id.* at 6-10.)

This Court appointed counsel to represent Avina on May 28, 2013. (Dkt. No. 19.) Avina then filed an Amended Complaint on July 17, 2013. (Dkt. No. 24.) Avina's Amended Complaint alleges both age discrimination and retaliation against Capsonic. (*See id.*) Avina alleges that "Capsonic unlawfully retaliated against Avina in violation of the ADEA by, among other unlawful actions, writing him up more often that other similarly-situated employees outside of his protected class, assigning him additional work hours and other job duties, harassing and treating him unfairly and ultimately terminating his employment from Capsonic." (*Id.*¶ 30.) Avina again attached to his complaint the EEOC right to sue notice and his second charge against Capsonic to the IDHR.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Policy of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard, a "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. A court assumes the veracity of all well-pleaded factual allegations and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In addition to the complaint, this Court may consider documents attached to the complaint when deciding a motion to dismiss. *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). Moreover, this Court must liberally construe a complaint drafted by a *pro se* litigant because a *pro se* litigant is held to a less stringent pleading standard than a lawyer. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). This Court draws all reasonable inferences in Avina's favor. *Tamayo*, 526 F.3d at 1071.

## DISCUSSION

**I. Avina's retaliation claim relates back to his original complaint.**

A plaintiff must file an ADEA claim within ninety days of receiving an EEOC right to sue notice. 29 U.S.C. § 623; *Houston v. Sidley Austin*, 185 F.3d 837, 838 (7th Cir. 1999). Here, there is no dispute that Avina filed his original complaint alleging age discrimination within ninety days of receiving the EEOC right to sue notice. But the parties dispute whether Avina's Amended Complaint, which added a claim for retaliation, relates back to Avina's original complaint.

4

Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." In short, Avina's retaliation claim relates back to Avina's original complaint if it is based on the same core of facts alleged in the original complaint. *Bularz v. Prudential Insurance Co. of America*, 93 F.3d 372, 379 (7th Cir. 1996). "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006).

Here, both of Avina's claims arise from the same core of facts contained in the original complaint. Avina used this district's Employment Discrimination Form to file his initial complaint. That form has six blank lines in which a plaintiff may insert facts supporting his claim. (*See* Dkt. No. 1 at 4.) Avina wrote "Defendant terminated several dozen older employees, aged between late 50s and early sixties." (*Id.*) Standing alone, this fact is not sufficient to support any of Avina's claims.

But the Employment Discrimination Form also requires a plaintiff to attach a copy of any charges filed with either the EEOC or the IDHR to the complaint. (*Id.* at 2.) Avina did so. By doing so, Avina provided additional allegations not listed in the Employment Discrimination Form that this Court must consider. *See Phillips*, 714 F.3d at 1019-20. Avina's second charge alleged that after Avina filed his first charge with the IDHR in July 2010, Capsonic gave Avina unfounded disciplinary notices, overloaded Avina with work, and held Avina to a "harsher standard" than other employees. Avina cited these allegations in support of both of the claims he

5

made to the IDHR. Consequently, this Court finds that Avina attempted to set out a retaliation claim in his original complaint by attaching his second charge—which included a retaliation claim—to his complaint.

In fact, Avina relied on many of the same allegations he made with respect to his age discrimination charge to support his retaliation charge. Therefore, Avina provided Capsonic with sufficient notice of the nature and scope of his claims. *See*, *e.g.*, *Ackerman v. City of Harvey Police Dept.*, No. 96 C 4363, 1998 WL 67632, at *3 (N.D. Ill. Jan. 29, 1998) (finding pro se plaintiff's complaint gave defendant notice of allegations in EEOC complaint even though plaintiff did not check a box in Employment Discrimination Form). Therefore, this Court finds that Avina's retaliation claim is not time-barred because it relates back to his original complaint.

II.     **Avina's retaliation claim is within the scope of his second charge.**

"Under the 'scope of the charge' doctrine, ADEA claims in a civil action are cognizable only if they are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996). Here, Capsonic contends that Avina added "new allegations" in his Amended Complaint concerning additional tasks Capsonic gave him, longer hours Capsonic made Avina work, and unfair treatment following Avina's filing of his first charge to IDHR. (*See* Dkt. No. 27 at 7-8.) But these are precisely the allegations that Avina used to support his second charge to the EEOC. As discussed above, Avina incorporated the allegations that supported his age discrimination claim into his retaliation claim, claimed that he received an unfounded disciplinary warning in August 2010 following his first charge to the IDHR, and claimed that Capsonic overloaded Avina with work and held him to a much "harsher standard" than other employees. Consequently, the

allegations in the Amended Complaint are not outside of the scope of Avina's second charge to the IDHR.

Moreover, retaliation and age discrimination claims are adequately related under the scope of the charge doctrine when they are "like or reasonably related to" and "growing out" of the same allegations. *Noreuil*, 96 F.3d at 258-59. Here, both claims in Avina's second charge rely on actions Capsonic took after Avina filed his first charge in July 2010. Therefore, Avina's age discrimination and retaliation claims are adequately related because they grow out of the same allegations concerning the actions Capsonic took after Avina filed his first charge.

## **CONCLUSION**

For the reasons stated herein, this Court denies Capsonic's motion to dismiss.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 7, 2013

7